

# Ronai & Ronai, LLP
Attorneys at Law

The Ronai Building
34 Adee Street, Port Chester, New York 10573
Telephone (914) 824-4777

Manhattan Office:
45 Rockefeller Plaza, Suite 2000
New York, NY 10111
Telephone (212) 268-4777

January 21, 2026

**VIA ECF**
Hon. Diane Gujarati, USDJ
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: Moldovan v. Singh and Lyft, Inc.
     Case No. 19-cv-05951-DG-RML

Your Honor:

  We represent plaintiff Laura Moldovan and submit this letter as an initial response to defendant Singh's recently filed motion to, **on the eve of trial**, amend the Joint Pretrial Order to add various trial exhibits and permit an entirely new witness to testify at trial. Singh's motion also incredibly seeks, at this late date, production of documents from Ms. Moldovan's treating doctor. [Docket No. 308]

  Clearly, defendant's instant motion is <u>yet another</u> display of their pattern of withholding of evidence until the last minute, asserting new defenses, coming up with new witnesses, propounding new discovery demands, etc. right before the trial – all in an effort to force a "trial by ambush" - not permitting us to fully prepare for trial which is scheduled to commence on **February 9, 2026, just two-and-a-half weeks from now**.

  Although we fully intend to address the "substantive" content of said motion [which is pure fiction and fantasy on the part of defense counsel] at the upcoming conference if necessary[1], the motion <u>should not even be considered</u> by the Court for the reasons that will be discussed below.

  At the outset, Singh's motion is completely improper, as Your Honor's Individual Practice Rules clearly provide that in advance of filing any motion, a <u>pre-motion letter, not to exceed 3</u>

---

[1] Of course, if the Court prefers that we file a full opposition brief prior thereto, we will certainly do so. However, it should be noted that defense counsel has clearly been working on her motion for at least in excess of a week, without any notice to plaintiff or this Court, leaving almost no time for us to draft a full response. This comes on the heels of also trying to jump through multiple hoops regarding discovery pertaining to the recently disclosed 100 surveillance videos.

pages, is to be filed and served. Instead, defendant Singh ignored this Rule and filed a 14-page motion. As such, the motion should not even be considered by this Court.

Singh's motion should also not be considered on timeliness grounds. Again, the trial is commencing in two-and-a-half weeks, and among his other requests Singh is asking to now have a *new witness* testify at trial, Cheryl Glaze, a No-Fault Examiner for American Transit Insurance Co. Ms. Glaze has always been known to defense counsel, yet this witness was never previously disclosed, nor produced for deposition. Fairness dictates that we be given an opportunity to depose Ms. Glaze in advance of trial. It is not realistic, and it would be extremely prejudicial to require us to schedule and hold her deposition in such a short time frame.

<u>In addition, and of utmost import, there is absolutely no reason why the issues raised in this motion could not have been raised earlier</u>. Despite allegations to the contrary, Singh's motion was not dependent upon the recent deposition of Dr. Lattuga at all.

*Since the Initial Discovery Disclosures herein*, defendants have had in their possession Ms. Moldovan's medical records from New York Spine Specialist. These records (and authorizations to obtain same) have been continuously provided throughout the case. An authorization for defense counsel to obtain Ms. Moldovan's No-Fault records was also provided. However, as Singh's counsel is essentially counsel for American Transit Insurance Co. – the No-Fault carrier – all of the No-Fault records, including the payout ledger showing what was, and what was not submitted for payment, has <u>always</u> been readily accessible to her.

Thus, all the information regarding what services New York Spine Specialist billed or did not bill the No-Fault Carrier American Transit Insurance Co. for over the past 6 years, including the surgery performed by Dr. Cordiale (not Dr. Lattuga)[2], have at all times been in defendants' possession.

Further, defendants, despite years of protracted discovery, never once requested the billing records from New York Spine Specialist. When defendants realized this, and requested the billing records, they were immediately provided. This was on January 9, 2025, a little <u>over a year ago</u>.[3]

Moreover, the *single* case of *Prompt Medical Spine Care PLLC et al v. Andrew Park, P.C*, which defense counsel preposterously claims is somehow proof of a "far-reaching scheme to defraud patients and insurance companies through fraudulent billing practices and by performing medically unnecessary treatments"[4], was filed back in 20<u>23</u> (and does not even allege fraud).

As such, all the documentation used in support of Singh's within motion was in counsel's possession for at least over a year, with most of it in her possession for many years.

---

[2] Tellingly, defendants never sought to depose to Dr. Cordiale or inquire from him as to why the surgery was not being billed through No-Fault.

[3] Since Dr. Lattuga testified that he does not handle the billing for his medical practice, his testimony was not needed for the filing of this motion.

[4] There is nothing whatsoever in Singh's instant motion proving that Ms. Moldovan's surgery (or any other medical treatment) was "unnecessary."

Thus, this begs the question as to why Singh's within motion was not filed at least a year ago. We submit that the reason is clear - defendants once again simply waited until the eve of trial to hopefully force this Court into adjourning the trial or to leave plaintiff unprepared to try this case.

This is right in line with the delay tactics repeatedly used by defendants throughout this case. Defendants have done everything in their power to delay this matter and the trial <u>for years</u>. Despite the subject collision having occurred over **six-and-a-half years ago, on May 27, 2019**, the trial has, incredibly, still not been held – all solely because of defendants.

Indeed, in response to the last motion to amend the Joint Pretrial Order filed by defendant Lyft, Inc. on November 24, 2025, to allow surveillance videos at trial [Docket No. 294] defendants' tactics in delaying this matter for years even after discovery closed on March 18, 2021, were set forth in great detail. Despite this, Lyft's motion was granted at a conference held on December 18, 2025, with the Court directing defense counsel to provide to plaintiff, *as soon as possible*, the videos and their metadata for analysis. Defense counsel stated, on the record, that he would "get on that right away." The Court also made clear that it is expected that the parties to work closely to expedite the discovery. The day after the conference, we served "Interrogatories Pertaining to Surveillance Videos and plaintiff's Request for Production of Documents, Electronically Stored Information and Tangible Things." When nothing was received by January 13, 2026, we called defense counsel and he informed us that since the discovery demands contained the standard language of requesting a response within 30 days, the production was "not overdue yet", and that we "should have everything" by January 14th. Counsel's callous response in which he used our discovery demand as an excuse to delay production – despite his very clear statement on the record directly to Your Honor – prompted our filing a Motion to Reconsider. [Docket No. 304]

It also bears noting that shortly after we filed our Motion to Reconsider on January 13, 2026, we finally received on January 15, 2026, a flash drive containing 100 video files with metadata. Again, delay tactics - which purposely leaves us very little time to have the metadata from those videos analyzed by a digital forensics' expert.

It is apparent, therefore, that defendants cannot be trusted to "work to expedite discovery." Instead, they find every possible excuse to delay production, all in the hopes of getting the trial adjourned yet again – or in handcuffing plaintiff at the time of trial.

For the foregoing reasons, defendant Singh's motion should not be considered.

Respectfully,

Holly Ostrov Ronai (HO3923)

Cc: All parties via ECF

3